PER CURIAM:
 

 This case involves appeals from the district court’s affirmance of various rulings of the bankruptcy court. For the reasons set forth below, we affirm in part and vacate and remand in part.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND.
 

 On July 24, 1981, appellee Fidelity National Bank filed a joint involuntary chapter 7 bankruptcy petition against the appellants, G. Harold and Shirley G. King.
 
 See
 
 11 U.S.C. § 303(b)(2) (Supp. V 1981). After the Kings filed a motion for a more definite statement and motions to dismiss for failure to state a claim on which relief could be granted and lack of personal jurisdiction, the bank gave notice that it intended to examine the Kings about their financial affairs.
 
 See
 
 Interim Bankr.R. 1008;
 
 [1]
 
 Bankr.R. 205. On August 7, 1981, subpoenas were served on the Kings to compel their appearance for the examination on August 14. The day before the scheduled examination, the Kings filed a motion “to set aside” the notice and subpoena. On the advice of counsel, they did not attend the examination. The bank moved for sanctions for nonappearance. The bankruptcy court held a hearing and ordered the Kings’ attorney to pay the bank $250 to reimburse it for the costs it had incurred in connection with the examination.
 

 In the meantime, Capital Investments, Inc. and Louisiana Equity Capital Corporation moved to intervene as creditors in the involuntary proceeding. The Kings opposed the interventions, but after a hearing the bankruptcy court permitted them.
 
 [2]
 

 Fidelity National Bank and the Kings each moved for summary judgment on the propriety of an order for relief. The bankruptcy court denied the Kings’ motions and granted the bank’s.
 

 The Kings appealed to the district court on a variety of grounds, of which the only ones pertinent to this appeal are:
 
 [3]
 
 that Shirley King was not a proper party to the involuntary bankruptcy; that discovery sanctions should not have been imposed on
 
 *190
 
 their counsel; that the interventions should have been denied; that summary judgment was improperly granted; and that the Kings had been improperly denied their rights to a jury trial and to a decision by an article III court on the question of the appropriateness of the order for relief. The district court affirmed the bankruptcy court in full; the Kings raise the same contentions here. We address each argument in turn.
 

 II. INCLUSION OF SHIRLEY KING.
 

 The bank filed its petition for involuntary bankruptcy because it held several notes guaranteed by Harold King that were in default. Shirley King was joined in the petition merely because she was Harold King’s wife and his obligations were presumptively those of the marital community. The Kings have strenuously objected to her inclusion in the proceedings.
 

 It was error to join Shirley King in the involuntary petition, for the Bankruptcy Code makes no provision for joint involuntary cases.
 
 Compare
 
 11 U.S.C. § 302(a) (Supp. V 1981) (“A joint ease ... is commenced by the filing ... of a single petition ...
 
 by an individual that may be a debtor ... and such individual’s spouse.”)
 
 (emphasis added),
 
 with id.
 
 § 303 (making no mention of joint cases and referring throughout to “the debtor” in the singular);
 
 see also
 
 S.Rep. No. 989, 95th Cong., 2d Sess. 32 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5818 (“A joint case is a
 
 voluntary bankruptcy case
 
 concerning a wife and husband.”) (emphasis added); H.R.Rep. No. 595, 95th Cong., 1st Sess. 321 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6277 (same); 2 L. King,
 
 Collier on Bankruptcy
 
 ¶ 303.07[a) (15th ed. 1979) (“A joint involuntary case may not be filed against a debtor and spouse.”).
 

 The question now is what remedy we should select for this error. The usual remedy for misjoinder is either to drop the misjoined party or to sever the claims.
 
 See
 
 Fed.R.Civ.P. 21; 7 C. Wright & A. Miller,
 
 Federal Practice & Procedure
 
 § 1684 (1972). Federal Rule of Civil Procedure 21 is not, however, directly applicable here.
 
 See
 
 Bankr.R. 721 (Fed.R.Civ.P. 21 applicable in adversary proceedings in bankruptcy); Bankr.R. 121 (listing adversary proceeding rules applicable to contested petitions; Bankr.R. 721 not listed).
 
 Collier’s,
 
 however, recommends that Bankruptcy Rule 721, and thus Federal Rule of Civil Procedure 21, should be applied to cases of joinder of parties other than the debtor as defendants in an involuntary petition. 2 L. King,
 
 Collier on Bankruptcy
 
 ¶303.15[10] (15th ed. 1979). We think that that is the most sensible way to deal with a situation that is not dealt with in the rules simply because it ought never to arise.
 

 Under Federal Rule of Civil Procedure 21, we believe that the preferable course is to dismiss Shirley King from these proceedings.
 
 [4]
 
 Her inclusion is not harmless error, because she has been adjudicated a bankrupt and any separate property she may own has been included in the estate.
 
 [5]
 

 See
 
 11 U.S.C. §§ 727(a)(8), 1141(d)(3)(C) (Supp. V 1981) (discharge under chapters 7 or 11 not available to person who received chapter 7 discharge in casé filed less than six years before current petition);
 
 id.
 
 § 541(a) (property of the estate). The creditors will not be prejudiced by Shirley King’s dismissal; all have asserted claims against her only by virtue of her membership in the marital community, and Harold King’s inclusion in the petition brings all of the community property into the bankruptcy estate. 11 U.S.C. § 541(a)(2)(A) (Supp. V 1981) (estate includes all community property under the sole or joint management of the debtor); La.Civ.Code Ann. art. 2346 (West Supp. 1983) (with limited exceptions not relevant here, each spouse has full management power over community property). There is
 
 *191
 
 thus no reason simply to sever the case against Shirley King, and indeed it might be impossible to do so at this stage of the proceedings. We therefore vacate that portion of the district court’s judgment affirming the entry of an order for relief against Shirley King and remand the case to the district court for entry of an order directing the bankruptcy court to vacate the order for relief against Shirley King and to dismiss the petition against her.
 

 III. DISCOVERY SANCTIONS.
 

 Federal Rule of Civil Procedure 37 applies to a Bankruptcy Rule 205 examination in a case involving a contested petition. Bankr.R. 121 (Bankr.R. 737 applicable in cases involving contested petitions); Bankr.R. 737 (Fed.R.Civ.P. 37 applies to adversary proceedings). This does not appear to have been changed by Interim Bankruptcy Rule 1008 (providing for an additional discovery procedure with sanctions for failure to comply “including those specified in” Fed.R.Civ.P. 37(b)(2)(A), (B), and (C)); rule 1008 expressly leaves the procedures under Bankruptcy Rules 121 and 205 intact.
 

 Federal Rule of Civil Procedure 37 provides for the sanctions levied here (expenses caused by failure to appear at a deposition) under two sets of circumstances: when the failure is in disobedience of a court order, Fed.R.Civ.P. 37(b), and when there is no court order but the opposing party gave notice of the deposition, Fed.R. Civ.P. 37(d). The Kings’ defense against the sanctions is based in part on the theory that a subpoena is not a court order.
 
 [6]
 
 Not surprisingly, they cite no authority for this novel proposition.
 
 [7]
 
 Even if a subpoena were not a court order (which is not the case), the sanction here would still have been available under rule 37(d).
 

 The Kings raise two other defenses for their failure to appear: that the subpoena was defective, and that they made a timely motion to set it aside. Neither defense is adequate here. The motion to set aside the subpoena was arguably technically flawed, but the greater error in the Kings’ analysis is that a motion to quash must be not only made but
 
 granted
 
 before the scheduled deposition to excuse compliance.
 
 See United States v. Portland Cement Co.,
 
 338 F.2d 798, 803 (10th Cir. 1964) (under earlier version of rules, order conditioning discovery must be obtained, if at all, before discovery takes place);
 
 Pioche Mines Consolidated, Inc. v. Dolman,
 
 333 F.2d 257, 269 (9th Cir.1964),
 
 cert. denied,
 
 380 U.S. 956, 85 S.Ct. 1082, 13 L.Ed.2d 972 (1965) (under earlier version of rules, motion to quash notice of deposition must be not only filed but acted on before scheduled time of deposition to avoid sanctions). The motion to set aside the subpoena was thus ineffective to excuse the Kings from compliance with the subpoena. Further, since the time for the deposition has passed, it is too late to attack the validity of the subpoena.
 
 [8]
 

 See Pioche, supra.
 

 
 *192
 
 The Kings have thus made no argument that precludes the award of sanctions here. The $250 charge assessed seems quite reasonable, as does its assessment against the attorney who advised the Kings to disobey the subpoena rather than against the Kings themselves. Federal Rule of Civil Procedure 37 expressly authorizes such sanctions against attorneys. We therefore affirm the district court’s affirmance of the award here.
 

 IY. INTERVENTIONS.
 

 Harold King had sued both Capital Investment, Inc. and Louisiana Equity Capital Corporation in state court before the bankruptcy proceedings began. He objects to their intervention in this case because he claims they were merely engaging in a bad-faith effort either to prevent trial of his state-court suits or to have the suits managed by the interim trustee instead of by him. These contentions are frivolous. There is absolutely no evidence of bad faith, nor could the intervention have had either of the complained-of effects.
 
 [9]
 
 Indeed, had the intervenors chosen not to participate in the bankruptcy proceedings, King would have been able to plead a discharge received in these proceedings as an absolute defense to their counterclaims in the state-court suits. 11 U.S.C. §§ 727(b), 524(a)(2) (Supp. V 1981). We affirm the district court’s affirmance of the grants of intervention.
 

 V. SUMMARY JUDGMENT.
 

 The Kings have two basic objections to the bankruptcy court’s entry of the order for relief on the bank’s motion for summary judgment. The first is a wholly unsupportable constitutional argument: that they were unconstitutionally denied their right to trial by jury and to determination of the issue by an article III court.
 

 Assuming that the Kings had a right to jury trial on the question, it was not denied here. Summary judgment is not unconstitutional; where there are no disputed issues of material fact for a jury to decide, no jury is necessary. Indeed, the Kings’ own motions for summary judgment on the issue indicate both a belief that a jury was not necessary and a desire to have the court decide whether an order for relief was appropriate.
 

 Similarly, assuming that the Kings had a right to have this question determined by an article III court, they have had such a determination. Both the district court and this court are article III courts, and we both apply the same summary judgment standard as the bankruptcy court: summary judgment is appropriate only where, viewing the facts in the light most favorable to the nonmovant, there are no genuine issues of material fact and judgment for the movant is appropriate as a matter of law. Fed.R.Civ.P. 56(c). The Kings make a half-hearted allegation that neither the bankruptcy court nor the district court found that summary judgment was proper and that it was in fact improper. The lower courts clearly thought that summary judgment was warranted or they would not have granted it. The Kings do not point to any alleged issue of material fact—they allege many fact questions, but none is material to the narrow issue of entry of an order of relief—and we find none in the record. We therefore affirm the district court’s affirmance of the entry
 
 *193
 
 of the order of relief on motion for summary judgment, although of course only as to Harold King.
 
 See
 
 part II,
 
 supra.
 

 VI. CONCLUSION.
 

 We find that all of the Kings’ contentions are without merit, except for the argument that Shirley King was not a proper party to the involuntary proceedings. We therefore affirm the judgment of the district court in all respects other than its affirmance of the bankruptcy court’s entry of the order for relief against Shirley King; we vacate the affirmance of that order and remand with instructions to direct the bankruptcy court to vacate the order for relief against Shirley King and dismiss the petition against her.
 

 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 

 [1]
 

 . The Interim Bankruptcy Rules have been adopted by the bankruptcy courts of the Middle District of Louisiana.
 

 [2]
 

 . Capital Investments, Inc. and Louisiana Equity Capital Corp. are listed as appellees in the record, but neither company has filed a brief or otherwise appeared in this appeal.
 

 [3]
 

 .The Kings included a variety of other questions in their notices of appeal to this court, but these questions were not addressed in their briefs and are thus waived.
 

 [4]
 

 . It is undisputed that Harold King, as guarantor of the notes on which the bank’s claims are based, is a proper party to this case, although he contests the propriety of the order for relief.
 

 [5]
 

 . The bank has made an uncontradicted assertion that Shirley King had no separate property when the petition was filed, but that does not affirmatively appear from the record and would in any event not change our result.
 

 [6]
 

 . They do not actually argue that a subpoena is not a court order for purposes of rule 37, but rather that it is not a court order for purposes of Bankruptcy Rule 205(a) (“the court may order” examination). The argument is equally specious in both contexts.
 

 [7]
 

 . This argument is unfortunately characteristic of the Kings’ briefs, which are noteworthy both for their excessive use of emotional overstatement, capital letters, underscoring, and exclamation points, and for their dearth of legal analysis and citation to apposite authority.
 

 [8]
 

 . The attacks on the subpoena are in any event meritless. The first is that it was not the court order required under Bankruptcy Rule 205(a) to compel an examination;
 
 see
 
 note 6 and accompanying text,
 
 supra,
 
 for a discussion of this claim. The next contention is that it was improper to order an examination while motions to dismiss the case were pending. There is no requirement that depositions await disposition of all motions to dismiss the case.
 
 See
 
 Bankr.R. 121 (applying Bankr.R. 730 to proceedings on contested petitions); Bankr.R. 730 (adopting Fed.R.Civ.P. 30 with changes to conform to adversary proceedings in bankruptcy); Fed.R.Civ.P. 30(a) (no requirement that motions to dismiss be disposed of before depositions taken). Indeed, such a requirement would permit any party to delay discovery indefinitely without a valid reason.
 

 Finally, the Kings allege that it was improper to order their examinations before they filed their answer. This argument is based on Interim Bankruptcy Rule 1008, which provides for examination in court of a debtor who “denies”
 
 *192
 
 the allegation that he is not generally paying his debts as they come due. The Kings claim that such a denial can only be made in the debtor’s answer. The Kings, however, totally overlook the fact that this examination was ordered not under Interim Rule 1008, but under Bankruptcy Rule 205, which Interim Rule 1008 expressly left undisturbed and which contains no requirement that the debtor have denied anything. This contention thus also fails.
 

 [9]
 

 . It is unclear whether the allegations about preventing a trial are based on the automatic stay, 11 U.S.C. § 362(a) (Supp. V 1981), or on the Kings’ violent dislike of summary judgment procedures, discussed in part V,
 
 infra.
 
 The automatic stay would apply, if at all, without regard to the defendants’ status as intervenors in the bankruptcy, and summary judgment procedures are available in both state court and bankruptcy court. Similarly, the trustee’s right to prosecute the suit arises from the fact that Harold King’s cause of action became property of the estate, 11 U.S.C. §§ 541(a), 323 (Supp. V 1981), and not from the defendants’ applications for intervention.