In re Robert CALLOWAY and Patricia Calloway, Debtor(s).

Bankruptcy No. 86–40122.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Gary/Lafayette.

Nov. 3, 1986.

Richard Browne, Valparaiso, Ind., for petitioners.

David A. Rosenthal, Lafayette, Ind., for debtors.

## MEMORANDUM OPINION AND ORDER

KENT LINDQUIST, Chief Judge.

### I

### Statement of Proceedings

This case came on for a consolidated hearing on August 13, 1986, on Motion of Robert Calloway and Patricia Calloway (hereinafter: "Debtors") filed June 30, 1986 to Dismiss the Involuntary Petition of Lafayette National Bank and Trust, Northern Indiana Bank and Trust Company and Anthony Wayne Bank (hereinafter: "Petitioner") filed March 6, 1986 and the Motion of the Petitioners' to Sever and Consolidate Involuntary Petitions and in opposition to Debtors' Motion to Dismiss filed July 17, 1986.

Submitted. Arguments heard.

### II

### Conclusions of Law and Discussion

The Petitioners' involuntary petition asserts that all of the Petitioners are holders of claims versus both Debtors and that said claims are not contingent as to liability, which claims aggregate at least $5,000.00 more than the value of any lien on the property of the Debtors securing claims held by them.

The Debtors' Motion to Dismiss was filed pursuant to Fed.R.Civ.P. 12 as made applicable by Bankruptcy Rule 1011 and asserts that pursuant to 11 U.S.C. § 303, and Bankruptcy Rule 1011, this case should be dismissed on the basis that the Petitioners cannot file a *joint involuntary* bankruptcy petition against the Debtors.

11 U.S.C. § 303(a) provides as follows:

**§ 303. Involuntary cases.**

(a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

The relevant provisions of Bankruptcy Rule 1011 provide as follows:

**(b) Defenses and objections; when presented.** Defenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R.Civ.P. and shall be filed and served within 20 days after service of summons, except that if service is made by publication on a debtor or partner not residing or found within the state in which the bankruptcy court sits, the court shall prescribe the time for filing and serving the response.

The relevant advisory committee notes to Bankruptcy Rule 1011(b) are as follows:

*Subdivision (b):* Rule 12 F.R.Civ.P. has been looked to by the courts as prescribing the mode of making a defense or objection to a petition in bankruptcy. *See Fada of New York, Inc. v. Organization Service Co., Inc.,* 125 F.2d 120 (2d Cir.1942); *In the Matter of McDougald,* 17 F.R.D. 2, 5 (W.D. Ark.1955); *In the Matter of Miller,* 6 Fed.Rules Serv. 12f.26 Case No. 1 (N.D.Ohio 1942); *Tatum v. Acadian Production Corp. of La.,* 35 F.Supp. 40, 50 (E.D.La.1940); 2 *Collier, supra* ¶ 303.07 (15th ed. 1981); 2 *id.* at 134–40

(14th ed. 1966). As pointed out in the Note accompanying former Bankruptcy Rule 915 *an objection that a debtor is neither entitled to the benefits of the Code nor amenable to an involuntary petition goes to jurisdiction of the subject matter and may be made at any time consistent with Rule 12(h)(3) F.R.Civ.P.* Nothing in this rule recognizes standing in a creditor or any other person not authorized to contest a petition to raise an objection that a person eligible to file a voluntary petition cannot be the subject of an order for relief on an involuntary petition. *See Seligson & King, Jurisdiction and Venue in Bankruptcy,* 36 Ref.J. 36, 38–40 (1962).

USCS, Lawyers Ed. *Court Rules Bankruptcy Rules and Official Bankruptcy Forms* P. 40 (Lawyers Co-op.1984). (Emphasis added).

The Court notes that the advisory committee notes refer to *subject matter jurisdiction* rather than jurisdiction over the person in that certain debtors are not subject to an order for relief as an involuntary Debtor. *See, e.g.* 11 U.S.C. § 303(a) and (b) and 11 U.S.C. § 109(b) for the types of debtors who are not eligible for involuntary relief.

The Debtors' Memorandum in support of their Motion to Dismiss asserts that pursuant to 11 U.S.C. § 303(a), an involuntary petition may only be filed against a *person,* and that a *joint* case may only be filed on a *voluntary* basis under 11 U.S.C. § 302, citing, *King v. Fidelity National Bank,* 712 F.2d 188, 9 C.B.C.2d 179 (5th Cir.1983).

In the *King* case the Court held as follows:

## II. INCLUSION OF SHIRLEY KING

The bank filed its petition for involuntary bankruptcy because it held several notes guaranteed by Harold King that were in default. Shirley King was joined in the petition merely because she was Harold King's wife and his obligations were presumptively those of the marital community. The Kings have strenuously objected to her inclusion in the proceedings.

1 It was error to join Shirley King in the involuntary petition, for the Bankruptcy Code makes no provision for joint involuntary cases *compare* 11 U.S.C. § 302(a) (Supp. V 1981) ("A joint case ... is commenced by the filing ... of a single petition ... *by an individual that may be a debtor ... and such individual's spouse.*") (emphasis added), *with id.* § 303 (making no mention of joint cases and referring throughout to "the debtor" in the singular); *see also* S.Rep. No. 989, 95th Cong. 2d Sess. 32 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5818 ("A joint case is a *voluntary bankruptcy case* concerning a wife and husband.") (emphasis added); H.R. Rep. No. 595, 95th Cong., 1st Sess. 321 (1977), *reprinted in* 1973 U.S.Code Cong. & Ad.News 5963, 6277 (same); 2 L. King, *Collier on Bankruptcy* ¶ 303.07[a] (15th ed. 1979) ("A joint involuntary case may not be filed against a debtor and spouse".)

The question now is what remedy we should select for this error. The usual remedy for misjoinder is either to drop the misjoined party or to sever the claims. *See* Fed.R.Civ.P. 21; 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1684 (1972). Federal Rule of Civil Procedure 21 is not, however, directly applicable here. *See* Bankr.R. 721 (Fed.R.Civ.P. 21 applicable in adversary proceedings in bankruptcy); Bankr.R. 121 (listing adversary proceeding rules applicable to contested petitions; Bankr.R. 721 not listed). *Collier's,* however, recommends that Bankruptcy Rule 721, and thus Federal Rule of Civil Procedure 21, should be applied to cases of joinder of parties other than the debtor as defendants in an involuntary petition. 2 L. King, *Collier on Bankruptcy* ¶ 303.15[10] (15th ed. 1979). We think that that is the most sensible way to deal with a situation that is not dealt

with in the rules simply because it ought never to arise.

Under Federal Rule of Civil Procedure 21, we believe that the preferable course is to dismiss Shirley King from these proceedings. Her inclusion is not harmless error, because she has been adjudicated a bankrupt and any separate property she may own has been included in the estate. *See* 11 U.S.C. §§ 727(a)(8), 1141(d)(3)(C) (Supp. V 1981) (discharge under chapters 7 or 11 not available to person who received chapter 7 discharge in case filed less than six years before current petition); *id.* § 541(a) (property of estate). The creditors will not be prejudiced by Shirley King's dismissal; all have asserted claims against her only by virtue of her membership in the marital community, and Harold King's inclusion in the petition brings all of the community property into the bankruptcy estate. 11 U.S.C. § 541(a)(2)(A) (Supp. V 1981) (estate includes all community property under the sole or joint management of the debtor); La.Civ.Code Ann. art. 2346 (West Supp.1983) (with limited exceptions not relevant here, each spouse has full management power over community property). There is thus no reason simply to sever the case against Shirley King, and indeed it might be impossible to do so at this stage of the proceedings. We therefore vacate that portion of the district court's judgment affirming the entry of an order for relief against Shirley King and remand the case to the district court for entry of an order directing the bankruptcy court to vacate the order for relief against Shirley King and to dismiss the petition against her.

*Id.* at 190–191 (Footnotes omitted).

It is noted in the *King*, one spouse, Shirley King, was not personally indebted to the petitioner in any way. Also the property of the estate included all community property. While in the case at bar, both of the Debtors are allegedly indebted to all three of the petitioners. Additionally, Indiana is not a community property state.

The Court in *King* had no problem in reaching the conclusion that a joint involuntary petition was improper. However, some difficulty arose as to procedurally what remedy should be invoked by the Court, inasmuch as the situation is not dealt with by the Bankruptcy Rules "simply because it ought never to arise." *Id.* at 191. The Court then proceeded to apply Bankruptcy Rule 721, (now Bankruptcy Rule 7021, effective August 1, 1983) and thus Fed.R.Civ.P. 21, to the case relating to misjoinder of parties and dismissed Shirley King from the proceedings on the grounds of misjoinder of a party.

■ This Court agrees with *King* court that a joint involuntary petition is not proper under 11 U.S.C. § 303. However, this Court must thus determine as a consequence of the foregoing conclusion what procedure should be followed to reach a dispositive order to provide a remedy for this wrongful petition.

Pursuant to the Bankruptcy Rules now applicable effective August 1, 1983, Bankruptcy Rule 1018 is now applicable to contested involuntary petitions.

Bankruptcy Rule 1018 provides as follows:

The following rules in Part VII apply in all proceedings relating to a contested involuntary petition and in all proceedings to vacate an order for relief: Rules 7005, 7008–7010, 7015, 7016, 7024–7026, 7028–7037, 7052, 7054, 7056, and 7062, except as otherwise provided in Part I of these rules and unless the court otherwise directs. The court may direct that other rules in Part VII shall also apply. For the purposes of this rule a reference in the Part VII rules to adversary proceedings shall be read as a reference to proceedings relating to a contested involuntary petition, or contested ancillary petition, or proceedings to vacate an order for relief. Reference in the Federal Rules of Civil Procedure to the complaint shall be read as a reference to the petition.

■ Thus, Bankruptcy Rule 7021 and in turn Fed.R.Civ.P. 21 is not applicable to the case at bar unless this Court specifically orders the same to be applicable. Rule 21 provides as follows:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be servered and proceeded with separately.

This rule does not contemplate the creation of a new and separate case versus the party who has been dropped. A *claim* versus a party may be servered and separately proceed. However, though pursuant to this rule the Court might sever the claim versus one of the parties, it still does not create a new and separate case. The rule merely provides that the severed claims will proceed separately in the *same* case. This is clearly impossible in the case *sub judice.*

The Petitioners ask the Court to "sever" their involuntary petition pursuant to Bankruptcy Rule 7021, and then to *consolidate* the same pursuant to Bankruptcy Rule 1015(b). That rule is applicable to the situation where a joint petition or two or more petitions are pending in the same court by or against a husband and wife (or other entities not relevant here), and provides that in such an instance the Court may order a *joint administration* of the estates.[1]

Consolidation pursuant to Rule 1015(a) contemplates *two* or more *petitions* pending versus the *same* debtor. That is not the situation here. It would appear based on the present posture of this case that Bankruptcy Rule 1015(a) is inapplicable. Assuming arguendo that the Court severs the case and creates *two* cases for *two* debtors, Rule 1015(a) only speaks to consolidation of two or more petitions against the

*same* debtor and thus, Rule 1015(a) would still not apply.

As to Bankruptcy Rule 1015(b), the Court could conceivably "sever" this case by adopting Bankruptcy Rule 7021 and with two cases then pending versus two debtors order *joint administration* (not consolidation), after the Court has given consideration to protecting creditors of the different estates against potential conflicts of interest. However, joint administration might still be feasible until *after* orders for relief were entered in each separate case. Prior to that time, common questions of law and fact as to whether both should be adjudged bankrupt may not be present.

■ As is generally true, motions to dismiss involuntary petitions pursuant to Bankruptcy Rule 1011(b) and Fed.R.Civ.P. 12(b) are disfavored and should not be granted unless it appears certain that the petitioners would not be entitled to an order for relief under any facts they could prove in support of their allegations. The petition is to be construed in a light most favorable to the petitioners, whose allegations are taken as true. *In re Longhorn 1979–II Drilling Program,* 32 B.R. 923 (Bankr.W.D.Okla.1983). However, inasmuch as the Debtors' Fed.R.Civ.P. 12(b)(1) motion goes to subject matter jurisdiction, the burden of proof remains on the party or parties asserting jurisdiction. *See, In re First Energy Leasing Corp.,* 38 B.R. 577, 581 (Bankr.E.D.N.Y.1984). *See also, 27 Federal Proc.L.Ed.,* Pleadings & Motions, § 62.453. In this case the burden is on the petitioning creditors.

■ It is fundamental maxim of constitutional law that federal courts are courts of limited jurisdiction and the burden of showing that jurisdiction lies upon the party seeking to avail itself of the power of the federal court. *Cradle of Democracy Broadcasting Co. v. David Green Broadcast Consultants Corp.,* 33 B.R. 1004 (D.C.Va.1983). A party cannot confer subject-matter jurisdiction on a federal

---

1. Note that *consolidation* is provided for in Bankruptcy Rule 1015(a) as opposed to *joint administration* under Bankruptcy Rule 1015(b).

Thus, a motion to consolidate pursuant to Bankruptcy Rule 1015(b) is misplaced.

court by consent. *State of Ohio v. Madeline Marie Nursing Homes, No. 1 and 2,* 694 F.2d 449 (6th Cir.1982). A federal court is duty-bound to determine whether jurisdiction is proper with or without a pending motion. *In re Martinez,* 721 F.2d 262 (9th Cir.1983).

Subject matter jurisdiction of the Bankruptcy Court is set forth in 28 U.S.C. § 1334.[2] Once a case is commenced, the Bankruptcy Court has original and exclusive jurisdiction over the case.

This case was commenced by the filing of an involuntary petition. Therefore, this court has acquired subject matter jurisdiction. *In re Rubin,* 769 F.2d 611, 614, n. 3 (9th Cir.1985). In order to retain jurisdiction pursuant to 11 U.S.C. § 303, both legal and factual determinations must be made. If the Court's findings are adverse to the petitioning creditors, the case must be dismissed.

The alleged involuntary "Debtors" here are Robert and Patricia Calloway jointly as husband and wife. These two individuals as one entity can no more be an involuntary debtor in one case pursuant to one involuntary petition than can a farmer (11 U.S.C. § 303(a)), or a railroad under chapter 7 (11 U.S.C. § 109(b)(1)). Viewing the creditors' involuntary petition in its most favorable light, the Court cannot retain subject matter jurisdiction. The Court cannot grant an order of relief adjudicating these joint debtors as being involuntarily bankrupt in a single case. Accordingly, this Court finds that the petitioners have not proven that the Court should retain subject matter jurisdiction over this case. Therefore this case should be dismissed for lack of subject matter jurisdiction.

The Court will not adopt Bankruptcy Rule 7021 to "sever" this case when the employment of that rule goes to the very heart of whether the Court should retain jurisdiction. By way of comparison, in an adversary proceeding where there has been a mere misjoinder of parties, jurisdiction is not a question. This Court should not have to go through some convoluted procedural process of severing this case into two separate cases and then in turn "consolidating" or jointly administering them so as to allow the petitioners to obtain an order of relief indirectly at this point in time, post-petition, that under no circumstances could they have done directly on the date the petition was filed. Taking such a tortuous procedural path, post-petition, is not the correct way for a Court to achieve proper subject-matter jurisdiction. Section 303(a) is very clear and the petitioner's chose not to follow that course. They must do so in the first instance as subject-matter jurisdiction is determined on the date of the petition not at a later date. That is, the Court must refer to the facts which existed at the date of the filing of a complaint. *See, Gresham Park Community Organization v. Howell,* 652 F.2d 1227, 1236 n. 25 (5th Cir.1981); *International Harvester Co. v. Deere & Co.,* 623 F.2d 1207, 1210 (7th Cir.1980); *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 248 (7th Cir.1981).

Certainty is served by not allowing an event occurring during the pendency of the suit to create or destroy jurisdiction. *See,* Wright & Miller & Cooper, 13B *Federal Practice and Procedure,* § 3608 (p. 452) (1984).

The Court sees no good reason based on logic or policy why the rationale set forth in the above cases as to when jurisdiction is to be determined should not apply in the bankruptcy context.

The Court therefore finds that this case should be dismissed without prejudice as to both Debtors. However, before doing so, and closing the case, the Court will give the Debtors' ten (10) days to move for a hearing as to their request for attorney fees,

---

**2.** Technically 28 U.S.C. § 1334 sets out the subject matter jurisdiction of the District Court over this case. However, pursuant to 28 U.S.C. § 157(a) and a General Order dated September 17, 1985, the District Court has referred all proceedings arising under Title 11 to the bankruptcy courts with limited exceptions not relevant here. In light of the reference order, 28 U.S.C. § 1334 does define the limit of this court's jurisdiction.

and upon failing to do so, the Court will enter its final order.