In re SOUTH FLORIDA TITLE, INC.,
German and Caridad
Luengo, Debtors.

Bankruptcy Nos. 88–03891–BKC–TCB,
88–03896–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Oct. 25, 1988.

South Florida Title, Inc., Miami, Fla., Asst. U.S. Trustee.

William M. Manker, Miami, Fla., for debtors.

Albert D. Diamond, Miami, Fla., Co–Counsel for Luengos.

Lance H. Baker, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, Fla., for petitioning creditors.

Steven H. Friedman, Miami, Fla., Trustee.

Hector J. Lombana, R. Daniel Koppen, Miami, Fla., Lee Huszagh, Coral Gables, Fla., Co-Counsel for South Florida Title.

## ORDER DENYING DEBTORS' MOTION TO DISMISS IN NO. 88–03896, EXCEPT AS TO MRS. LUENGO

THOMAS C. BRITTON, Chief Judge.

Joint administration (but not substantive consolidation) under B.R. 1015(b) was ordered for these two involuntary cases, (CP 5), and the appointment of an interim trustee for both cases was authorized October 7. (CP 7).

The alleged debtors in No. 88–03896, a husband and wife, have moved (CP 13) for dismissal of that case.

■ The first ground for dismissal is that the petition, though made in the name of three creditors (as required by § 303) is *signed* only by counsel for the petitioners and by one of the creditors. The signature of the petitioners' attorney is sufficient. B.R. 9011(a). As stated in 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1332:

"When a party is represented by counsel, the latter must sign pleadings, motions, and other papers and it is unnecessary, but not improper, for the represented party to sign them as well."

■ The second ground is that a *joint* involuntary petition is not authorized by § 302, which (as the legislative history makes clear) permits only *voluntary* joint cases. *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 190 (5th Cir. 1983); *Matter of Busick*, 719 F.2d 922, 926 n. 7 (7th Cir.1983); *In re Benny*, 842 F.2d 1147, 1148–49 (9th Cir.1988).[1]

The petitioning creditors concede that the joint involuntary petition was unauthorized, but request severance and dismissal without prejudice of the involuntary petition against Mrs. Luengo, rather than dismissal of No. 88–03896. I agree.

As the *King* court noted (at 190), the usual remedy for misjoinder is to drop the misjoined party. Although Federal Rule of Civil Procedure 21 is made applicable to bankruptcy adversary proceedings (B.R. 7021), it is not made applicable to contested involuntary proceedings (B.R. 1018) "unless the court otherwise directs".

*Collier*, however, recommends that a surplus respondent:

"should be dropped as a party pursuant to Rule 7021 despite the fact that Rule 1018 does not specifically make Rule 7021 applicable to contested proceedings." 2 *Collier on Bankruptcy*, ¶ 303.15[10] (15th ed. 1988).

The panel in *King* agreed:

"We think that that is the most sensible way to deal with a situation that is not dealt with in the rules simply because it ought never to arise." *Supra* at 190.

I, too, agree. As to Mrs. Luengo, the involuntary petition is dismissed without prejudice.

The Luengos also seek costs, fees or damages under § 303(i), which permits, but does not require, judgment for the debtor "if the court dismisses [an involuntary] petition". This additional relief is inappropriate here and is denied.

At the hearing, the alleged debtors orally requested abstention. For the reasons stated by the petitioning creditors, that request is also denied.

DONE and ORDERED.

---

1. Each of the appellate panels appears to have overlooked § 102(7) (the singular includes the plural) in attaching weight to the fact that § 303(a) refers to a "person" rather than the plural. However, the provisions of § 302 and its legislative history (also relied upon by each of the panels) is completely persuasive.