In re Charles E. JONES and Frances H. Jones, Debtors.

Bankruptcy No. 89–33174–S.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

April 2, 1990.

Siran S. Faulders, Press, Culler, Jones, Waechter & Stoneburner, P.C., Richmond, Va., for debtors.

Robert E. Hyman, Goddi, Major, Schubert & Hyman, Richmond, Va., for petitioning creditor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon the filing of a joint involuntary petition against Charles E. Jones and Frances H. Jones ("debtors") by Citizens Bank and Trust ("Citizens"), Citizen's motion to dismiss Charles E. Jones as a debtor in this proceeding, and the debtors' motion to dismiss the case. Finding that the Court lacked subject-matter jurisdiction over the joint involuntary case, the Court dismissed the case by order entered March 28, 1990.

## FINDINGS OF FACT

On December 28, 1989, Citizens filed an involuntary Chapter 7 bankruptcy petition against the debtors. During the pendency of the petition, and before the entry of an order for relief, Citizens filed a motion to dismiss Charles Jones as a debtor. The debtors objected to this motion, and filed a motion to dismiss the case on the grounds that the court lacks subject-matter jurisdiction over the case. The Court held a hearing on Citizens' motion to dismiss Charles Jones as a debtor and on the debtors' motion to dismiss the case for lack of subject-matter jurisdiction. After hearing argument on the motions, the Court granted the debtors' motion to dismiss the case. At the conclusion of the hearing, the Court informed counsel that it would issue a Memorandum Opinion setting forth findings of fact and conclusions of law in conformity with the Court's ruling.

## CONCLUSIONS OF LAW

Courts considering the issue of whether an involuntary case may be maintained against more than one debtor have concluded that the bankruptcy code does not contemplate joint involuntary petitions.[1] According to 11 U.S.C. § 303(a), only a "person" may be adjudicated an involuntary bankrupt, and two debtors do not constitute a "person," therefore, joint involuntary cases may not be maintained. In brief and in argument, Citizens has acknowledged this point, consequently this issue is not before the court. The single question presented is what is the appropriate action for the Court to take when a creditor improperly files a joint involuntary petition.

A proper analysis begins with 28 U.S.C. § 1334, which confers jurisdiction upon the district courts for cases arising under title 11. Section 1334, in pertinent part, provides that the district courts shall have original jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. The bankruptcy

---

1. *In re Calloway,* 70 B.R. 175 (Bankr.N.D.Ind. 1986); *King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188 (5th Cir.1983); *In re South* *Florida Title, Inc.,* 92 B.R. 548 (Bankr.S.D.Fla. 1988).

courts are conferred jurisdiction by means of a general order of reference, therefore, § 1334 is equally applicable to the bankruptcy courts. 28 U.S.C. § 157(a). By order dated August 16, 1984, jurisdiction over matters arising in or related to a case under Title 11 were referred to this Court. Since the Court only has jurisdiction over cases arising under title 11 and a joint involuntary petition does not commence a "case arising under title 11," the Court lacks subject-matter jurisdiction over a joint involuntary case. *Calloway*, 70 B.R. at 180; *Matter of Busick*, 719 F.2d 922, 926 n. 7 (7th Cir.1983) (in *dicta*, court stated that it may be inclined to characterize a joint involuntary petition as *jurisdictionally* defective, rather than *procedurally* defective).

■ The question then becomes whether the Court can exercise its jurisdiction and remedy this situation by dismissing one of the debtors, as Citizens requests, or whether the Court must dismiss the entire proceeding pursuant to the debtors' motion. One case which mandates dismissal is *In re Calloway*, 70 B.R. 175 (Bankr.N.D.Ind. 1986). *Calloway* deals with substantially the same factual scenario presently before the Court. That court considered the debtors' motion to dismiss the joint involuntary case filed against them, as well as the creditor's motion to sever and consolidate the petition it had filed. Finding that two individuals could not be a single involuntary debtor in one case, just as a farmer in an involuntary case (§ 303(a)) or a railroad under Chapter 7 (§ 109(b)(1)) could not be debtors, the court concluded that it lacked subject-matter jurisdiction over the case. Accordingly, the court dismissed the case for lack of subject-matter jurisdiction.

Examining potential remedies short of outright dismissal of the case, the *Calloway* court considered dismissing one of the debtors so that the sole remaining case would be against only one debtor. Finding that jurisdiction is established at the time of the filing of a complaint, the court reasoned that it could not remedy the jurisdictional defect subsequent to the filing of the petition by severing or dismissing one of the debtors. *Calloway*, 70 B.R. at 180 (*citing Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1236 n. 25 (5th Cir.1981); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir.1980); *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 248 (7th Cir.1981)). The court considered and rejected the creditor's request to apply Rule 7021 to drop one of the debtors on the theory that the defect was a mere "misjoinder," concluding that it would not attempt to employ Rule 7021 when the "employment of that rule goes to the very heart of whether the Court should retain jurisdiction." *Calloway*, 70 B.R. at 180. Accordingly, the court decided that the proper remedy was to dismiss the entire case.

By contrast, the Fifth Circuit has found that dismissal of one debtor is the proper remedy for the filing of a joint involuntary petition. In *King v. Fidelity National Bank*, 712 F.2d 188, 190–91 (5th Cir.1983), the court considered the debtors' motion to dismiss the case against one of the debtors, on the grounds that the involuntary petition stated a cause upon which relief could not be granted. The bankruptcy petition was filed in Louisiana, a community property state. The debtors brought the motion to dismiss the case pending against the wife, as the husband's inclusion in the petition brought all of the community property into the estate, and the inclusion of the wife in the case was not necessary to the administration of the case. *See* 11 U.S.C. § 541(a)(2)(A) (estate includes all community property under the sole or joint management of the debtor). Relying upon *Collier*, paragraph 303.15[10], which provides that Rule 721 (now 7021) should be applied to joinder of one or more debtors in an involuntary petition, the court dismissed one of the debtors. *King*, 712 F.2d at 190 (citing 2 L. King, *Collier on Bankruptcy*, ¶ 303.15[10] (15th ed. 1979)).

Significantly, the *King* court ignored several important points which lay at the heart of the *Calloway* decision. First, the *King* court failed to discuss the jurisdictional issue at all. As *Calloway* correctly points out, a court cannot apply bankruptcy rules to remedy procedural defects until it deter-

mines that it may exercise subject-matter jurisdiction. Second, the *King* court applied the misjoinder rule, Rule 7021, despite the fact that Rule 1018 does not contemplate the application of Rule 7021 to contested involuntary petitions unless the court otherwise directs. According to the advisory committee notes, such an application is to occur only rarely.[2] Yet, the *King* court did not even discuss the relevance of Rule 1018. Additionally, the *King* decision may be distinguished on its facts. The *King* decision concerned the debtors' community property, which could be administered in the husband's case alone, pursuant to community property law. Thus, the court's decision to dismiss a debtor would likely not have any substantive impact on case administration. No such situation exists in the case at bar, where dismissal of one of the debtors may have a substantial impact upon case administration.

Applying the law to the facts of this case, the Court believes that the *Calloway* decision represents the correct approach. The key question is whether the Court may dismiss a party subsequent to the filing of a joint involuntary petition in order to remedy the jurisdictional defect. The Court lacks the power to exercise discretion to apply Rule 7021 to dismiss one of the debtors, as subject-matter jurisdiction is lacking. Furthermore, the *King* decision is not persuasive as it does not even consider the jurisdictional concerns raised by the *Calloway* court. The *King* approach directs that a court apply Rule 7021 to dismiss an improperly joined party in a case *over which the court does not have subject-matter jurisdiction.* When subject-matter jurisdiction is lacking, the Court must dismiss the case. Beyond that, it has no power to act.

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdic-

tion over the joint involuntary case. Accordingly, the case is dismissed.

An appropriate order has been issued.

---

**2.** The Advisory Committee Note provides:
  Because of the special need for dispatch and expedition in the determination of issues in an involuntary petition [citation omitted] the objective of some of the Federal Rules of Civil Procedure and their adaptations in Part VII to facilitate the settlement of multiple controversies involving many persons in a single lawsuit is not compatible with the exigencies of bankruptcy administration. [Citation omitted.] For that reason, [Rule 7021] will rarely be appropriate in a proceeding on a contested petition.
  Bankruptcy Rule 7021 advisory committee's note.