54 F.3d 778
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re WOODWARD EAST PROJECT, INC., et al., Debtors.
Edith WOODBERRY, Plaintiff-Appellant,
v.
David ALLARD, Trustee; Michigan Consolidated Gas Co.,
Defendants-Appellees.
 No. 94-2282.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: BROWN, NORRIS and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a district court order affirming a bankruptcy court's order granting a petition for involuntary relief under Chapter 7 of Title 11 of the United States Code. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The procedural history of the bankruptcy proceeding is set forth in the district court's order, and will not be repeated here. Suffice it to say that Edith Woodberry filed an appeal in the district court in which she challenged the lawfulness of certain decisions of the bankruptcy court. Specifically, she contended that (1) the February 19, 1986, determination by the bankruptcy court (to wit, that the Woodward East corporations are her alter ego) was based upon an erroneous application of the law, (2) 11 U.S.C. Sec. 303 did not provide the bankruptcy court with jurisdiction to render decisions against the Woodward East corporations in a single petition for hearing and determination, (3) the finding by the bankruptcy court (to wit, that she had used these corporations to exercise fraud against Michigan Consolidated Gas Company) constitutes a denial of her fundamental constitutional rights to due process of law, equal protection of law, and equal access to the courts, and (4) the trustee did not have standing to pursue an alter ego remedy against any of the Woodward East corporations. The district court rejected Woodberry's appeal when the district court affirmed the decision of the bankruptcy court on May 6, 1994. The court also denied the trustee's motion for sanctions and double costs. Reconsideration was denied in an order filed October 4, 1994. Woodberry reasserts her claims on appeal to this court.
 
 
 3
 When reviewing a decision of a district court that reviews a bankruptcy court order, this court reviews the district court's decision de novo. First Nat'l Bank v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 974 F.2d 712, 717 (6th Cir. 1992). Upon de novo review, we affirm the district court's order.
 
 
 4
 The district court properly concluded that the bankruptcy court had subject matter jurisdiction over the proceedings. The weight of authority holds that there is no provision in the code for joint involuntary cases. See King v. Fidelity Nat'l Bank, 712 F.2d 188, 190 (5th Cir. 1983), cert. denied, 465 U.S. 1029 (1984); In re Western Land Bank, Inc., 116 B.R. 721, 724 (Bankr. C.D. Cal. 1990); In re Anderson, 94 B.R. 153, 156 (Bankr. W.D. Mo. 1988); In re Calloway, 70 B.R. 175, 177 (Bankr. N.D. Ind. 1986). Nonetheless, the bankruptcy court appropriately exercised its jurisdiction over the proceedings in this case. As the district court correctly noted, the bankruptcy court had properly pierced the corporate veil and concluded that the named corporations were Woodberry's alter egos. A court may regard the affairs of two parties as one for purposes of a bankruptcy proceeding when they are so intertwined as to make it impossible to administer them as separate entities. In re Crabtree, 39 B.R. 718, 723 (Bankr. E.D. Tenn. 1984). Accordingly, the bankruptcy court, in satisfying the statutory requirement in Sec. 303(a), did possess jurisdiction over the proceedings.
 
 
 5
 The district court properly concluded that the bankruptcy court did not deprive Woodberry of her civil rights, due process, equal protection of the law or access to the courts. Woodberry was given ample opportunity to "defend" herself at trial, even though she was not a party. She testified at great length under direct and cross-examination. Woodberry filed numerous motions and objections throughout the course of the bankruptcy proceedings and on appeal to the district court. Her motions and objections were evaluated on their merits throughout the entire bankruptcy proceedings. Furthermore, the district court fully addressed Woodberry's claims on the merits. Accordingly, there was no violation of Woodberry's due process rights or right of access to the courts.
 
 
 6
 The district court properly concluded that the trustee had standing to assert claims against the various debtors. See Koch Refining v. Farmers Union Cent. Exch., Inc., 831 F.2d 1339, 1345 (7th Cir. 1987), cert. denied, 485 U.S. 906 (1988) (The alter ego theory "may be asserted by any creditor without regard to the specific nature of his relationship with the corporation and its alleged alter ego.); see also In re Kaiser, 791 F.2d 73, 76 (7th Cir.), cert. denied, 479 U.S. 1011 (1986); Halverson v. Schuster (In re Schuster), 132 B.R. 604, 609 (Bankr. D. Minn. 1991); ANR Ltd. v. Chattin, 89 B.R. 898, 901-04 (D. Utah 1988).
 
 
 7
 Finally, the defendants request this court to impose sanctions and costs against Woodberry for filing a frivolous appeal. Rule 38 of the Federal Rules of Appellate Procedure provides that the court can only impose sanctions for a frivolous appeal if the appellee files a separate motion or if the court gives notice to the appellant. Raising the issue of sanctions in the brief does not sufficiently call the question to the appellant's attention. Therefore, the defendants must file a separate motion for sanctions pursuant to Fed. R. App. P. 38.
 
 
 8
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.