Arnaud ALBERT, Appellant

v.

STARBUCKS COFFEE COMPANY INC., Appellee.

No. 06–7032.

United States Court of Appeals, District of Columbia Circuit.

Jan. 3, 2007.

Arnaud Albert, Washington, DC, pro se.

Ronald Maurice Johnson, Akin, Gump, Strauss, Hauer & Feld, Washington, DC, for Appellee.

BEFORE: RANDOLPH, GARLAND, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order of dismissal entered on February 28, 2006, be affirmed. Fed. R.Civ.P. 37(b)(2) authorizes a number of sanctions for not complying with discovery orders, including issuance of an order "dismissing the action or proceeding or any part thereof." Fed.R.Civ.P. 37(b)(2)(C).

"Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations." *Bonds v. District of Columbia,* 93 F.3d 801, 807 (D.C.Cir.1996).

 Appellant contends the district court erred in concluding his actions were willful and in bad faith, as he had sought a protective order prior to the court's order granting the motion to compel. Appellant did not file his motion for a protective order, however, until January 3, 2006, after the court had issued its order compelling attendance at the deposition. Moreover, although the magistrate judge informed appellant that nothing would excuse his attendance except for the issuance of a stay, and detailed the range of sanctions, including dismissal, that might be imposed as a consequence of his failure to attend, appellant nevertheless refused to attend the noticed deposition. Under these circumstances, the district court did not abuse its discretion in concluding appellant's actions were willful and in bad faith. *See Founding Church of Scientology v. Webster,* 802 F.2d 1448, 1458 (D.C.Cir.1986). Nor has appellant shown that the district court abused its discretion in concluding appellant's actions prejudiced appellee by hampering the latter's ability to evaluate appellant's claims and factual allegations, identify witnesses, and engage in further discovery. *See Tribune Co. v. FCC,* 133 F.3d 61, 69 n. 8 (D.C.Cir. 1998); *Church of Scientology,* 802 F.2d at 1459.

Appellant cites no supporting authority for the proposition that the mere filing of a motion for protective order *requires* the court to excuse a party's failure to obey a court order compelling attendance at a deposition. Indeed, the published authority addressing the issue suggests the contrary. *See, e.g., King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) *(per curiam);*

*Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir.1964).

Nor is there merit to appellant's contention that it was improper for the magistrate judge to grant the motion to compel because appellant had not yet "failed to appear" for his deposition. In his October 19, 2005, correspondence appellant objected not only to the time, place, and manner of the noticed deposition, but also indicated he would only agree to be deposed upon written questions pursuant to Fed.R.Civ.P. 31, thus making it clear that he had no intention of submitting to oral examination. Under such circumstances, the order granting the motion to compel was well within the "broad authority of the District Court in supervising discovery." *Laxalt v. McClatchy,* 809 F.2d 885, 890 (D.C.Cir.1987).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.