**In the Matter of SKYWAY DEVELOP-MENT CORPORATION, Debtor.**

**Bankruptcy No. 82–2274.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 20, 1986.

---

Andrew J. Nierenberg, Miami, Fla., for debtor.

Malka Isaak, Tampa, Fla., for Buehler, Del Rosso & Pettinellis, Anthony Del Rosso, Andre Buehler, Frank Pettinelli and Eugene F. Pettinelli.

**ORDER ON: EMERGENCY MOTION FOR SANCTIONS INCLUDING QUASHING OF MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL BY DEL ROSSO, ET AL.; MOTION (1) TO COMPEL AND FIX DATE FOR DEPOSITIONS; (2) FOR SANCTIONS INCLUDING CONTEMPT, ATTORNEYS FEES AND COSTS; PURSUANT TO B.R. 7037 AND F.R.C.P. 37; MOTION FOR CONTEMPT OF COURT, PENALTIES AND SANCTIONS AGAINST FRANK PETTINELLI, EUGENE PETTINELLI, ANTHONY DEL ROSSO AND ANDRE BUEHLER; AND MOTION FOR SANCTIONS INCLUDING ATTORNEYS FEES AND COSTS**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 11 case are four motions, three filed by Skyway Development Corporation (Skyway), the Debtor involved in the above-captioned case, and one filed by Anthony Del Rosso and Eugene Pettinelli. Skyway's three motions are titled: (A) Emergency Motion for Sanctions Including Quashing of Motion for Extension of Time to File an Appeal of Del Rosso, et al.; (B) Motion (1) to Compel and Fix Date for Depositions; (2) For Sanctions Including Contempt, Attorneys Fees and Costs, pursuant to B.R. 7037 and F.R.C.P. 37; and (C) Motion for Contempt of Court, Penalties and Sanctions Against Frank Pettinelli, Eugene Pettinelli, Anthony Del Rosso and Andre Buehler. The motion filed by Anthony Del Rosso and Eugene Pettinelli is titled: Motion for Sanctions Including Attorney's Fees and Costs against Skyway. The facts relevant to these matters, as appears from the record are as follows:

The underlying controversy stems from events which began on May 2, 1986, when Anthony Del Rosso (Del Rosso), Andre B. Buehler (Buehler), Frank J. Pettinelli (Frank), and Eugene F. Pettinelli (Eugene),

collectively referred to as "Claimants" in this Chapter 11 case, filed a Motion for Extension of Time to File an Appeal. Their Motion, filed pursuant to Bankruptcy Rule 8002(c), essentially stated that the delay for filing a timely appeal was attributable to "excusable neglect." The appeal sought to be filed by the Claimants was directed to this Court's Order entered on Motion for Reconsideration and Rehearing of Anthony N. Del Rosso, et al., entered on April 21, 1986. The motion sought reconsideration of a previous order of this Court which denied the motion filed by the Claimants to extend time to file an appeal. It should be noted that the time for appeal of the April 21, 1986, Order expired on May 1, 1986.

On May 14, 1986, Skyway filed an Emergency Motion for Sanctions Including a Motion to Quash the Motion of the Claimants for Extension of Time to File an Appeal (First Sanctions Motion). The claim of the First Sanctions Motion of Skyway is based on the following facts: On Monday, May 12, 1986, counsel for Skyway was served with a Notice of Hearing issued by the Clerk of the Bankruptcy Court setting the Claimants' Motion for Extension of Time to File an Appeal for hearing on Friday, May 16, 1986, at 3:15 p.m. The Notice of Hearing was filed May 6, 1986. In addition, it appears that the Motion for Extension of Time to File an Appeal was not served upon Skyway.

On Monday, May 12, 1986, counsel for Skyway issued a Notice of Taking Deposition Duces Tecum. The Notice was transmitted on that date by electronic Zap Mail through Federal Express and was received later that day by Claimants' counsel, Mr. Stevens. The deposition notice required the appearance of the Claimants at the office of their counsel in Tampa, Florida, on Wednesday, May 14, 1986, at 2:00 p.m. Mr. Stevens immediately transmitted the deposition notice to each of the four Claimants by Zap Mail by Federal Express at 8:00 a.m. on Tuesday, May 13, 1986. Skyway asserted that the depositions noticed were needed to permit the production of a transcript of the depositions on an expedited basis in time for the Friday, May 16,

1986, hearing on the motion of the Claimants which sought an extension to file a Notice of Appeal based on "excusable neglect."

On May 14, 1986, the date noticed for the depositions, counsel of Skyway traveled to Tampa from Miami in order to attend the scheduled depositions of the Claimants. However, none of the four Claimants appeared at the deposition even though they did not seek or obtain a protective order excusing them from attendance. Based on this, counsel for Skyway filed his first Motion to Impose Sanctions on May 14, 1986. In this connection the following facts are relevant and should be noted:

At approximately 2:45 p.m. on May 14, 1986, the day of the scheduled depositions, Mr. Stevens, who was then counsel of record for the Claimants, called Del Rosso in New York. In that conversation Del Rosso acknowledged that he had received the notice for the deposition, which arrived in his office on May 13, 1986, at 11:15 a.m. by Zap Mail, but claims that he did not read the deposition notice until May 14, 1986, at 1:00 p.m. In this connection it should be noted that Del Rosso has been a practicing attorney in the City of New York for over 30 years. For this reason this Court finds it very odd and difficult to understand how an attorney with such experience did not have the professional courtesy to call his local counsel at once when he actually read the deposition notice at 1:00 p.m. on May 14, 1986, and did not notify his local counsel that he would be unable to attend the scheduled deposition.

The substance of the dialogue between Mr. Stevens and Del Rosso is in dispute. Mr. Stevens testified that Del Rosso requested him to state to the Court that he received no notice of the deposition, but Mr. Stevens informed Del Rosso that he was unwilling to fabricate a story and represent facts which are not true. While it is true that Del Rosso denied ever having made such statements to Mr. Stevens, in light of the surrounding circumstances this Court is inclined to believe the version re-

cited by Mr. Stevens to be representing the true facts of what actually transpired.

On May 16, 1986, a hearing was held on the Motion for Extension of Time to File an Appeal filed by the Claimants. At this hearing Del Rosso was cited for contempt by this Court because of his violent outbursts and his repeated disrespect for this Court after having been admonished repeatedly to behave in a professional manner. At the conclusion of the hearing this Court ordered Del Rosso to appear before the district court on the following Monday, May 15, 1986, at 9:00 a.m. and show cause why he should not be punished for his contemptuous conduct.

On June 26, 1986, this Court entered an Order on Motion for Extension of Time to File an Appeal. The Court determined that nothing was alleged in the motion filed by the Claimants and there was nothing established at the hearing which would have justified a finding of "excusable neglect". Accordingly, the Motion for Extension of Time to File an Appeal was denied. As a consequence, Skyway's Emergency Motion for Sanctions (First Sanctions Motion) filed on May 14, 1986, remained the only matter left to be determined at that time.

Albeit that was not the end of the tug-of-war between counsel for Skyway and Del Rosso. On May 23, 1986, counsel for Skyway re-noticed the depositions of all four Claimants, which rescheduled them for June 3, 1986, to commence at 2:00 p.m. and to be concluded by 5:00 p.m. at Mr. Stevens' office in Tampa. On June 3, 1986, Malka Isaak filed a Notice of Appearance as co-counsel for the Claimants and filed an Emergency Motion for Protective Order at 2:23 p.m. on June 3, 1986. As indicated above, the depositions were scheduled to begin at 2:00 p.m. Thus, the Emergency Motion for Protective Order filed by Ms. Isaak was clearly untimely. Because the undersigned was in Orlando on that date holding court, Ms. Isaak requested that her Emergency Motion for Protective Order be heard by the District Court.

To further complicate matters, Skyway's counsel was delayed in his arrival from Miami due to a flight scheduling problem at the Miami Airport and did not arrive in Tampa until sometime after 2:00 p.m., the hour at which time the deposition scheduled by him was to commence. After his arrival Ms. Isaak agreed to proceed to the district court and sought and ultimately obtained a hearing on her motion for Protective Order. The district court after having heard counsel for the parties *in camera* deferred ruling on the Motion to Impose Sanctions and refused to grant a Protective Order. After the conclusion of the hearing at the district court Ms. Isaak conferred with Del Rosso and Eugene (the only two claimants who were present) and unequivocally stated to counsel for Skyway that her clients would absolutely refuse to be deposed, except to go on the record for the limited purpose of stating that they would not answer any questions.

In the meantime, the court reporter waiting to record the depositions was called and released by Skyway's counsel. At approximately 6:00 p.m. Ms. Isaak reversed her earlier position and stated that Del Rosso and Eugene had changed their minds and decided to agree to be deposed. Thereafter, she also stated that she could not assist them at the deposition because she had a previous committment. Needless to say, the depositions were not held on June 3, 1986, and counsel for Skyway returned to Miami.

On July 3, 1986, this Court entered an Order Denying Motion for Protective Order as having been rendered moot. Del Rosso and Eugene's Motion for Sanctions Including Attorney's Fees and Costs was based on Skyway's counsel arriving late in Tampa for the scheduled depositions *and* the alleged refusal by Skyway's counsel to take their depositions later that day after the conclusion of the hearing in the district court.

Based on these events, on June 18, 1986, Skyway filed a Motion (1) To Compel and Fix Date for Depositions; (2) For Sanctions Including Contempt, Attorneys Fees and Costs; Pursuant to B.R. 7037 and F.R.C.P. 37 (Second Sanctions Motion of Skyway).

On July 7, 1986, this Court entered an Order on Debtor's Motion to Compel and to Fix Date for Depositions; and for Sanctions, and ordered Del Rosso, Buehler, Frank and Eugene to appear for depositions at Ms. Isaak's office beginning at 10:00 a.m. on July 15, 1986.

On July 7, 1986, Ms. Isaak on behalf of the Claimants filed a Motion for Rehearing of the Order entered on June 26, 1986, which denied their Motion for Extension of Time to file an Appeal. On July 25, 1986, the Claimants filed an Amended Motion for Rehearing of Order Denying Motion to Extend Time to File an Appeal. These two motions are particularly relevant to the instant sanctions motions filed by Skyway because the original Motion for Extension of Time to File an Appeal was the motion which generated the sanctions motions, and those motions kept the original sanction motion alive. On July 29, 1986, this Court entered an Order on Amended Motion for Rehearing; and on July 30, 1986, this Court also entered an Order on the original Motion for Rehearing and denied both motions.

On July 11, 1986, the Claimants filed an Emergency Motion for Rehearing/Motion for Protective Order. On July 11, 1986, this Court entered an Order on Emergency Motion for Rehearing/Motion for Protective Order and denied the same. Thereafter, on July 15, 1986, the Claimants filed a motion entitled "Second Emergency Motion for Protective Order" at 1:25 p.m. The depositions of the Claimants were scheduled to begin at 10:00 a.m. and thus, the motion was obviously filed out of time. It should be noted that Eugene did arrive for his deposition and the Second Emergency Motion for Protective Order was filed only to excuse Del Rosso, Buehler and Frank. The deposition of Eugene commenced but was interrupted because of a request for an emergency hearing sought by counsel for Skyway who sought a determination by this Court whether reasonable grounds existed for the non-attendance of the other three scheduled deponents.

The hearing in chambers revealed the following chain of events. On July 7, 1986, this Court entered an Order on Debtor's Motion to Compel and Fix Date for Depositions and for Sanctions. On July 9, 1986, counsel for Skyway re-noticed the depositions of the Claimants to be held on July 15, 1986, in Tampa. The notice of depositions was mailed by counsel for Skyway on July 7, 1986. It was allegedly received by the office of Ms. Isaak on July 9, 1986. The Claimants were not notified by Ms. Isaak and advised by phone that the depositions are now rescheduled for July 15, 1986. In spite of this, it was not until Friday, July 11, 1986, that an Order heretofore entered on July 7 by this Court which directed the depositions to be taken on July the 15th was in the Federal Express mail, but earmarked only for Monday delivery as opposed to an overnight delivery which would have arrived in New York on July 12, 1986, on Saturday. Thus, the notice for the July 15, 1986, depositions was not received by Del Rosso until Monday, July 14, 1986. Notwithstanding the late hour of receipt of the deposition order, Eugene who received the deposition order on Monday morning, July 14, 1986, appeared to be deposed at the appropriate time on July 15, 1986.

On July 24, 1986, this Court entered an Order Denying Second Emergency Motion for Protective Order and Compelling Attendance. The July 24, 1986, Order memorialized the *in camera* ruling of July 15, 1986, and provided as follows:

(1) Del Rosso, Frank and to the extent his deposition was not concluded Eugene shall all appear for depositions to be conducted on July 22, 1986, at 2:00 p.m. at the offices of Skyway's counsel;

(2) the Court deferred consideration of sanctions with respect to the July 7, 1986, order until the hearing scheduled for July 31, 1986, at 4:00 p.m. on Skyway's two pending Motions for Sanctions;

(3) Del Rosso must furnish Skyway's counsel with a sworn certificate from Dr. Florencio A. Gomez by July 18, 1986, which shall set forth the precise diagno-

sis of Del Rosso's medical condition on July 15, 1986, and the dates of hospital admission and discharge; and

(4) Buehler shall furnish forthwith a verified statement certifying as to the dates upon which he was unreachable while on vacation.

On July 22, 1986, Frank filed an Emergency Motion for Protective Order and for a Hearing at 10:45 a.m. Skyway's counsel was served with the motion at approximately 1:20 p.m. by Federal Express Zap Mail. Shortly thereafter at approximately 1:40 p.m. this Court entered an Order on Emergency Motion for Protective Order and for a Hearing and denied the same on the grounds that the Motion was both untimely filed and without merit. Ultimately Del Rosso's deposition commenced in Miami and ended fortuitously at approximately 11:00 p.m. when the court reporter's supply of recording paper was exhausted. It should also be noted that Eugene was present in Miami to continue his unfinished deposition which had been initiated on July 15, 1986, in Tampa, but since the court reporter ran out of recording paper, Eugene's deposition was not resumed. Neither Frank nor Buehler appeared, and their depositions were not taken.

On July 31, 1986, Skyway filed a Motion for Contempt of Court, Penalties and Sanctions Against Frank Pettinelli, Eugene Pettinelli, Anthony Del Rosso and Andre Buehler (Third Sanctions Motion of Skyway). This Motion is, in essence, a recap of the First and Second Sanction Motions filed by Skyway. Contained in the motion is a proffer of evidence of attorney fees and costs claimed to have been expended by Skyway in excess of $10,000.00.

The salient facts, which according to Skyway warrant the imposition of sanctions on all the Claimants pursuant to F.R. C.P. 37(d) adopted by Bankruptcy Rule 7037, grant the authority for this Court to order sanctions for failure of a party to attend depositions, and the Rules provide as follows in pertinent part:

[T]he Court in which the action is pending on motion may make such orders in regard to the failure as are just.... In lieu of any order or in addition thereto, the Court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

## MOTION TO IMPOSE SANCTIONS AGAINST ALL CLAIMANTS

It should be noted at the outset, and these comments should apply to all the claimants. It is evident that there is an ongoing war between counsel of Skyway and primarily between Del Rosso. The controversy in this instance relates only to the issue of whether or not failure of the Claimants to timely file a notice of appeal should be permitted for excusable neglect. Thus, all the attempted discovery had nothing to do with the basic merits of the right of these Claimants to prosecute an untimely appeal from an order entered by this Court a long time ago and a long time after the plan of reorganization submitted by Skyway was confirmed. The underlying claim of these Claimants involves the binding effect of the Order of Confirmation of the reorganization plan which gave stockholders a choice either to retain their stockholdings or to receive a cash payment for the stock, and in the event they fail to exercise an option they are deemed to have accepted a cash payment. Thus, it is obvious that this limited issue certainly did not justify and warrant any extensive depositions, especially as they were directed to Buehler and Frank, who never really actively participated in person at any time in this Chapter 11 case and always appeared through Del Rosso, who claimed to have represented them.

█ With these preliminary remarks in mind, this Court will consider first the conduct of Del Rosso. The First Deposition was scheduled for May 14, 1986, by notice sent by counsel for Skyway on May the 12th. Obviously, contrary to the conten-

tion of counsel for Skyway, there was no dire emergency to notice someone from New York to appear in Tampa to be deposed on two days notice. For this reason it is evident that the notice was less than reasonable, and no imposition of sanctions is justified on any of the Claimants, including Del Rosso, for the failure to appear at the first deposition.

The second deposition was scheduled by counsel for Skyway to be held in Tampa on June 3, 1986, to commence at 2:00 p.m. The notice for this deposition was sent on May 23, 1986, and theoretically this was a timely notice. Del Rosso appeared and so did Eugene. Mr. Nierenberg, counsel for Skyway, did not arrive on time. Thus, the deposition couldn't have commenced to begin with at the scheduled hour. Moreover, there was a motion filed for protective order by counsel for the Claimants, albeit, not until 2:15, or after the time the deposition was originally scheduled to commence. Be as it may, as noted earlier, Del Rosso and Eugene appeared, but upon the advice of counsel initially refused to be deposed, although later on they changed their minds and were willing to proceed. Neither Buehler nor Frank appeared at the second deposition and no protective order was sought or obtained on their behalf. Based on the foregoing, this Court is satisfied that no sanctions would be warranted under the circumstances to be imposed on Eugene or Del Rosso.

The third deposition of the Claimants was scheduled by counsel for Skyway on July 15, 1986. At the scheduled time Eugene appeared and was, in fact, deposed. Del Rosso did not appear, and this is the deposition in which Mr. Del Rosso didn't appear even though he was well aware of the scheduled deposition. Based on the foregoing, this Court is satisfied that no sanctions shall be imposed against Eugene, but Del Rosso's willful failure to attend the deposition warrants the imposition of sanctions.

The fourth deposition was scheduled in Miami to be held on July 22. The notice for this deposition was actually scheduled by an Order of this Court announced at the *in camera* hearing which was held on July 15, 1986. Del Rosso did appear in Miami and was deposed. Euegene also appeared, but his deposition was not resumed. Frank and Buehler never appeared and never were deposed. Based on the foregoing, there is no sanction warranted in connection with the fourth deposition either on Del Rosso or Eugene. This leaves for consideration the Motion to Impose Sanctions Against Frank and Buehler.

While this Court has serious misgivings whether or not Frank or Buehler could have possibly furnished any meaningful information on the issue of excusable neglect, nevertheless, they failed to seek a protective order and ignored all notices of depositions and thus violated the requirement of properly noticed parties to appear and submit to deposition.

It further appears that Buehler had no actual knowledge or notice of the First Deposition. There is some doubt whether or not Buehler had actual knowledge or notice of the second deposition. On September 5, 1986, an affidavit of Buehler was filed with this Court in which Buehler stated that he was on vacation during the month of July and received no mail while sailing on the Great Lakes and the St. Lawrence Seaway. Accordingly, Buehler claims he had no actual knowledge or notice of the third and fourth Depositions. Based on the foregoing, this Court is satisfied that it would be improper to impose sanctions on Buehler.

This is, however, not the case concerning Frank, and this Court is satisfied that sanctions shall be imposed for Frank's failure to appear at the second, third, and fourth depositions. There is no doubt that Frank received all notices concerning the second, third, and fourth depositions, and he simply ignored all notices and elected neither to seek a protective order excusing him from attending nor to attend any of the depositions.

This leaves for consideration the counter attack by counsel for the Claimants by Ms. Isaak who also filed her motion and sought imposition of sanctions on Mr. Nierenberg, counsel for Skyway. The imposition of sanctions according to Ms. Isaak is justified because Mr. Nierenberg did not appear on time for the June 3, 1986, or the second deposition. This argument is specious for the obvious reason, that Ms. Isaak filed the Motion for Protective Order and sought to block the deposition, so whether or not Mr. Nierenberg arrived on time was of no consequence. There is nothing in this record that would justify imposition of sanctions on Mr. Nierenberg.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion for Sanctions Including Quashing of Motions for Extension of Time to File an Appeal by Del Rosso, et al., be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion (1) to Compel and Fix Date for Depositions; (2) For Sanctions Including Contempt, Attorneys Fees and Costs; Pursuant to B.R. 7037 and F.R.C.P. 37 be, and the same is hereby, granted in part and denied in part; the sanctions are granted as to Anthony Del Rosso and Frank Pettinelli and the contempt is denied as to all four claimants. The Order to Fix Date for Depositions is denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt of Court, Penalties and Sanctions Against Frank Pettinelli, Eugene Pettinelli, Anthony Del Rosso and Andre Buehler be, and the same is hereby, granted in part and denied in part; the Motion to Impose Sanctions is granted as to Anthony Del Rosso and Frank Pettinelli but denied as to Eugene Pettinelli and Andre Buehler. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions Including Attorney's Fees and Costs filed by Anthony Del Rosso and Eugene Pettinelli be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that Anthony Del Rosso shall pay to counsel for Skyway the sum of $1,205.00 within 30 days from the date of entry of this order. It is further

ORDERED, ADJUDGED AND DECREED that Frank Pettinelli shall pay to counsel for Skyway the sum of $755.00 within 30 days from the date of entry of this order. It is further

ORDERED, ADJUDGED AND DECREED the Motion to Impose Sanctions concerning Eugene Pettinelli and Andre Buehler be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that if the sanctions are not paid to Skyway by Anthony Del Rosso and Frank Pettinelli within the proscribed 30 day period, then by appropriate motion this Court will consider such motion, if any, and make an appropriate determination.