Joseph A. WILLIAMS, Plaintiff,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY, etc., et al., Defendants.

No. 89–969–Civ–J–12.

United States District Court, M.D. Florida, Jacksonville Division.

Feb. 5, 1991.

Scott Fortune, Jacksonville, Fla., for Joseph A. Williams.

Peter W. Zinober, Karen M. Morinelli, Tampa, Fla., and Steven L. Strelitz, Morristown, N.J., for defendants.

## ORDER

HOWARD T. SNYDER, United States Magistrate Judge.

This cause is before the Court on Plaintiff's Amended Motion for Protective Order or for Order Striking Deposition of Frank Burke, and for Attorney's Fees (hereinafter Plaintiff's Motion), filed January 14, 1991. It is claimed Mr. Burke's deposition was not properly noticed and it should, therefore, be stricken and the fees of Plaintiff's attorney should be paid by Defendants. Plaintiff's Motion at unnumbered 2–3.

Defendants filed a Memorandum in Opposition to Plaintiff's Amended Motion for Protective Order or for Order Striking Deposition of Frank Burke (hereinafter Defendants' Opposition) on February 1, 1991. Defendants claim the deposition was properly noticed, Plaintiff's counsel did not attempt to resolve the issue before bringing Plaintiff's Motion, Plaintiff's Motion is untimely and moot, and Plaintiff should be ordered to pay their attorney's fees incurred in responding to the motion. Defendants' Opposition at 6, 8–10, 13–14.

■ First, the Court is persuaded Defendants' position regarding timeliness of the notice of deposition is the correct one. By noticing the deposition on December 10, 1990, the earliest day the deposition could go forward under Rule 6, Federal Rules of Civil Procedure, would have been December 24, 1990. Adding three days for mailing, as provided by Rule 6(e) and interpreted by relevant case law, would put the earliest date for taking the deposition on December 27, 1990. *See National Savings Bank of Albany v. Jefferson Bank,* 127 F.R.D. 218, 222 n. 7 (S.D.Fla.1989).

■ Secondly, even if the deposition was not properly noticed, Plaintiff's Motion was not filed until January 14, 1991. The deposition was noticed on December 10, 1990, and was scheduled for December 27, 1990, at 10:30 a.m. Plaintiff did file an Emergency Motion for Protective Order at 10:16 a.m., on December 27, 1990, but the motion was stricken for failure to comply with Rule 3.01(a), Local Rules, United States District Court Middle District of Florida. *See* Order entered January 4, 1991.

■ The filing of a motion for a protective order does not excuse the movant from complying with the discovery requested. See *Discovery Practice in the United States District Court Middle District of Florida,* § VI B. Even if it did, a motion which is stricken for not conforming to the local rules is treated as never having been filed at all. Therefore, Plaintiff's Motion was filed more than two weeks after the deposition, five weeks after the notice was given, and was untimely. *See King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986).

■ The Court finds Plaintiff's Motion to be without merit and unjustified. The circumstances favor granting the request for sanctions contained in Defendants' Opposition. The sanctions are to be paid by Plaintiff's counsel. In that regard, the parties are hereby directed to meet and agree to an appropriate sum representing the

fees and costs incurred in bringing Defendants' Opposition and to so notify the Court within fifteen (15) days from the date of this Order, if the matter is amicably resolved. If the parties are unable to agree, Defendants shall, within fifteen (15) days from the date of this Order, file an affidavit as to fees and costs. Plaintiff shall respond to the affidavit within ten (10) days of its service.

Accordingly, it is

ORDERED:

1. Plaintiff's Motion is DENIED.

2. The request for sanctions contained in Defendants' Opposition is GRANTED.

DONE AND ORDERED.