**Jeff HAYES, as Independent Executor of the Estate of Roy Hayes, Deceased, and Alma Hayes, Plaintiffs,**

v.

**ROYALA, INC., et al., Defendants,**

and

**Barbara Hayes and Hayes, Inc., Counterplaintiffs.**

No. 1:94–MC–99.

United States District Court, E.D. Texas, Beaumont Division.

Jan. 31, 1995.

Joseph C. Hawthorn, Hawthorn & Black, Thomas Hugh Walston, Mehaffy & Weber, Beaumont, TX, Robert Quentin Keith, Amy Keith, Keith & Keith, Johnson City, TX, for plaintiffs.

C. Scott Mann, Jr., Gary Neale Reger, Orgain Bell & Tucker, Beaumont, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

### BACKGROUND

Jeff and Alma Hayes (Plaintiffs) originally filed an action against Royala, Inc. (Royala) in state court requesting an accounting and a declaratory judgment for title to various properties held by Royala. Plaintiffs also sought damages for negligence, fraud and breach of fiduciary duty.

After the Plaintiffs filed suit, Royala filed for reorganization under Chapter 11 of the Bankruptcy Code. The case was removed to bankruptcy court; the Plaintiffs promptly filed a demand for a jury trial; and the Plaintiffs filed notice that they did not consent to the bankruptcy judge entering final orders or judgment in this case.

Plaintiffs now petition this court to withdraw the proceeding from the bankruptcy court on the ground that the bankruptcy judge cannot preside over the eventual jury trial which will resolve Plaintiffs' claims. *See In re Raymond Clay*, 35 F.3d 190 (5th Cir. 1994).

Because the motion to withdraw need only be granted once it is apparent that the Plaintiffs' case will proceed to a jury, the motion is DENIED without prejudice. Plaintiffs are free to refile this motion at the proper time.

### ANALYSIS

The thrust of Plaintiffs' contention is that, absent the consent of the parties, a non-Article III judge may not preside over a jury trial. Plaintiff correctly cites the recent case of *In re Raymond Clay*, 35 F.3d 190 (5th Cir.1994), in support of this proposition. *Clay*, 35 F.3d at 195. Plaintiffs also remind this court that they have preserved their right to a jury trial before an Article III judge by making a timely request and by expressly objecting to the bankruptcy judge entering final orders with regard to their claims.

Although the bankruptcy judge cannot preside over Plaintiffs' jury trial, he is empowered to dispose of all issues of law. Issues of law, by their very nature, are within the exclusive purview of the court. *See McFarland v. Leyh,* 40 F.3d 763, 772–73 (5th Cir.1994) (in bankruptcy proceeding no right to jury trial arises until a jury issue is before the court) *and King v. Fidelity Nat. Bank of Baton Rouge,* 712 F.2d 188, 192–93 (5th Cir. 1983) (bankruptcy judge ruling on summary judgment motion does not raise Seventh Amendment issues since motion disposed of as a matter of law and review by Article III judges is *de novo* ). Accordingly, this court will not grant a motion to withdraw until it is readily apparent that Plaintiffs' case will require a trial by jury. "If and when the threat to their Seventh Amendment rights becomes concrete, ... [Plaintiffs'] may seek appropriate remedies at that time." *Matter of Lieb,* 915 F.2d 180, 185 (5th Cir.1990) (Fifth Circuit refusing to grant mandamus in bankruptcy proceeding because petitioner's Seventh Amendment rights not yet jeopardized).

### ORDER

Plaintiffs' Motion to Withdraw Adversary Proceeding from the Bankruptcy Court is DENIED without prejudice. Plaintiff is free to refile this motion once it is clear that a jury trial is inevitable.