Jonathan LEVINE, et al., Plaintiffs,

v.

M & A CUSTOM HOME BUILDER
& DEVELOPER, LLC, et al.,
Defendants.

Civil Action No. H–08–2946.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 25, 2008.

Michael J. Durrschmidt, Hirsch & Westheimer PC, Houston, TX, for Plaintiffs.

Margaret Maxwell McClure, M&A Custom Home Builder & Developer, LLC, Houston, TX, Jeffrey P. Norman, Gipson & Norman, Webster, TX, for Defendants.

## MEMORANDUM AND ORDER

LEE H. ROSENTHAL, District Judge.

In response to the motion to withdraw the reference filed by defendant Sergio Medina, the bankruptcy court has issued a report recommending that the district court withdraw the reference for the adversary proceeding filed as Adversary No. 07–3469, but defer the withdrawal until the bankruptcy court has ruled on the parties' dispositive motions. The standard for when a district court may withdraw the reference from a bankruptcy court is outlined in 28 U.S.C. § 157(d). Section 157 provides for both mandatory and permissive withdrawal:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States

regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

 Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law. *See, e.g., Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc.,* 161 B.R. 21, 24 (E.D.La. 1993) (withdrawing reference when case necessarily involved a determination of antitrust claims); *U.S. Gypsum Co. v. Nat'l Gypsum Co.,* 145 B.R. 539, 541 (N.D.Tex. 1992) (withdrawing reference when case necessarily involved a determination of patent claims); *In re Johns–Manville Corp.,* 63 B.R. 600, 603 (S.D.N.Y.1986) (withdrawing reference when case necessarily involved a determination of CERCLA issues); *In re White Motor Corp.,* 42 B.R. 693, 704 (N.D.Ohio 1984) (no withdrawal of reference based on speculation about issues under ERISA and Internal Revenue Code which may or may not be germane to the core proceeding). Permissive withdrawal for cause shown requires a court to examine the following factors: is the matter core or noncore? Do the proceedings involve a jury demand? Would withdrawal further uniformity in bankruptcy administration? Would withdrawal reduce forum-shopping and confusion? Would withdrawal foster economical use of resources? Would withdrawal expedite the bankruptcy process? *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985); *In re OCA, Inc.* 2007 WL 1728914, *3 (E.D.La.2007).

 In the present case, the bankruptcy court carefully analyzed the relevant factors and concluded that because defendant Medina had demanded a jury trial, had not waived his right to a jury trial, and had not consented to a jury trial held in the bankruptcy court, withdrawal was appropriate. The bankruptcy court recognized that the withdrawal should be deferred until that court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process.

This court adopts the report and recommendation and withdraws the reference effective when the bankruptcy court rules on the dispositive motions and subject to the bankruptcy court's rulings on those motions.

## REPORT AND RECOMMENDATION TO WITHDRAW REFERENCE IN PART

MARVIN ISGUR, Bankruptcy Judge.

Pursuant to 28 U.S.C. § 157(d), the District Court may withdraw, in whole or in part, any case or proceeding referred under § 157, on its own motion or on timely motion of any party, for cause shown. This Court recommends that the District Court partially withdraw the reference to the Bankruptcy Court of adversary proceeding No. 07–03469. The Court recommends that the District Court refrain from withdrawing the reference until this Court has resolved all parties' dispositive motions.

### Background

Plaintiffs Jonathan and Samantha Levine ("the Levines") hired defendant M & A Custom Home Builder & Developer, LLC ("M & A") to construct their home. M & A is wholly owned by defendant Mark Anthony Blake ("Blake"). M & A in turn, hired defendant S & S Construction Group ("S & S") to carry out construction of the Levines' home. S & S is owned by defendant Sergio Medina ("Medina"). Medina also owns defendant Sergio L. Medina, Inc, a company Medina formed shortly after Blake filed his bankruptcy petition. The Levines transferred approximately

$925,000 to Blake to be held as construction funds.

The Levines' home was never built. The Levines contend that Blake misrepresented his construction expertise. The Levines contend that Blake stated that he had extensive experience building homes and displayed a portfolio book of homes and a showroom of model homes as examples of his prior works. The Levines contend that, in fact, Blake had never built a home and the portfolio and showroom were actually owned by S & S. According to the Levines, S & S allowed Blake to use their materials in return for the construction contract.

The Levines contend that Blake spent over $250,000 of the construction funds on personal expenses. The Levines contend that the remainder was transferred to S & S. S & S did some preliminary work on the home, including clearing the lot, utility work, and pouring a foundation. The Levines value the work at approximately $150,000. $75,000 was deposited with a homeowners association as compensation for unapproved removal of trees. Neither S & S nor Medina have accounted for the unused funds. The Levines allege that Medina transferred the construction funds to his personal account and Sergio L. Medina, Inc.

On March 30, 2007, Blake filed a chapter 7 bankruptcy petition. On October 30, 2007, the Levines filed this adversary proceeding. Subsequently, the trustee of Blake's bankruptcy estate ("Trustee Cage") intervened to assert the claims of Blake's bankruptcy estate against Medina and S & S. On March 30, 2008, the Levines and Trustee Cage filed a joint First Amended Complaint. The complaint was subsequently amended by a Second Amended Complaint filed on September 4, 2008.

Trustee Cage asserts that M & A is the alter ego of Blake and that S & S and Sergio Medina, Inc. are alter egos of Medina. Trustee Cage also seeks to collect from defendants all transfers of the Levines' construction funds under §§ 541, 542, 548, 550. Under the Fifth Circuit's *Schimmelpenninck* Opinion, Trustee Cage owns these claims. *In re Schimmelpenninck*, 183 F.3d 347 (5th Cir.1999). The Levines do not dispute Trustee Cage's senior status with respect to these claims. Trustee Cage also seeks an accounting from defendants with respect to all Levine funds.

The Levines seek a finding that their claims for fraud, misrepresentation, defalcation, embezzlement, willful injury, and misapplication of fiduciary property against Blake for the construction funds is nondischargeable under §§ 523(a)(2), 523(a) (4), and 523(a)(6). The Levines also seek to hold M & A, Medina, S & S Construction Group, and Sergio L. Medina, Inc. liable as co-conspirators and joint venture participants with Blake.

## Jury Demand

On November 30, 2007, Medina timely filed a Motion to Dismiss and Abstain. In the Motion, Medina stated that he would be making a jury demand. On December 10, 2007, Medina timely filed an Answer to the Levines' complaint. The Answer contained a jury demand. On January 17, 2008, the Court ordered briefing on how Medina's jury demand should impact the adversary proceeding. On February 28, 2008, the Court considered Medina's Motion and the jury demand. The Court denied Medina's Motion to Dismiss. The Court declined to consider the jury demand. The Court found that consideration of the jury demand issue would be improvident until Medina filed an answer to the Trustee Complaint in Intervention and the case had further developed. The Court

also issued a Scheduling Order requiring any party who wished to obtain a ruling on whether the case should be tried by a jury to file a motion by July 31,2008.

On March 20, 2008, pursuant to the Court's order, the Levine's and Trustee Cage filed their First Amended Complaint. On April 7, 2008, Medina timely filed an answer to the Amended Complaint. The answer contained a jury demand. On July 17, 2008, pursuant to the Court's February 28 Scheduling Order, Medina filed a motion demanding a jury trial and requesting this Court to withdraw the reference.

Medina has timely requested that this Court recommend that the reference be withdrawn. Medina has demanded a jury trial and does not consent to a jury trial held by the bankruptcy court.

### Analysis

The Fifth Circuit holds that without consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial. *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994). Medina has requested a jury trial. Accordingly, if Medina is entitled to a jury trial, the reference must be withdrawn.

■ The Seventh Amendment provides the right to a jury trial in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to one which was tried at law in the late 18th century English courts. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999); *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Suits "at law" refers to "suits in which *legal* rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26

(1989) (quoting *Parsons v. Bedford*, 28 U.S. 433, 3 Pet. 433, 7 L.Ed. 732 (1830)). This analysis requires two steps: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature." *Granfinanciera, S.A.*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (quoting *Tull v. U.S.*, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)). "The second stage of this analysis is more important than the first." *Id.* at 42, 109 S.Ct. 2782.

■ Trustee Cage's §§ 541, 542, 548, and 550 claims against Medina are suits at law for which the 7th Amendment right to a jury trial applies. The Supreme Court has directly held that "[t]here is not dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th-century England." *Id.* at 43, 109 S.Ct. 2782. Moreover, Trustee Cage seeks to recover money. Defendants have a 7th Amendment right to a jury trial of such claims. *Id.*

■ The Levine's claims, asserting joint-liability for the alleged fraudulent conduct, are also claims for which Medina has a 7th Amendment right to a jury trial. *In re Jensen*, 946 F.2d 369, 371 (5th Cir. 1991) (overruled on other grounds). The joint-liability claim seeks money damages. The Court in *Granfinanciera, S.A.* found that a request for a money judgment strongly indicates that the claim should be denominated as legal rather than equitable. *See Granfinanciera, S.A.*, 492 U.S. at 47, 109 S.Ct. 2782; *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 476, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

■ Trustee Cage's accounting claim is an equitable claim to which the 7th Amendment right to jury trial does not attach. *Id.* at 44, 109 S.Ct. 2782; *In re Jensen*, 946 F.2d at 372. Nevertheless,

"[i]f a legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974). Here, all claims arise from and are intertwined within the same nucleus of common facts. The plaintiffs' complaint is legal in nature.

■ Medina is entitled to a jury trial. Medina has requested a jury trial. The Court may not hear a jury trial without the consent of all parties. *In re Clay,* 35 F.3d 190, 196–97 (5th Cir.1994).

### Timeliness of the Jury Demand

The Levines and Trustee Cage do not contest that Miranda is entitled to a jury trial. Nevertheless, the Levines contend that Miranda waived his right to a jury trial by filing a defective and untimely request for withdrawal of the reference.

Trustee Cage contends that a motion to withdraw the reference must be filed with the district court and demonstrate "cause" that would justify withdrawal. Medina filed his Motion with this Court. The Motion did not specifically articulate "cause" for withdrawal. However, the Motion did repeat the jury demand.

■ Medina's Motion was not defective. Local Rule 5011 unequivocally requires a motion to withdraw the reference to be filed with the bankruptcy court.[1] When a defendant has a 7th Amendment right to a jury trial and does not consent to a jury trial, no further "cause" for withdrawal of the reference must be shown. A bankruptcy court may not conduct a jury trial without the consent of all parties. *In re Clay,* 35 F.3d at 196–97.

■ Trustee Cage also contends that Medina did not timely file his Motion to Withdraw the Reference and therefore waived his right to a jury trial. There is a presumption against finding waiver of constitutional right, including the 7th Amendment right to a jury trial. *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177 (1937). Nevertheless, a party can not use the jury right as a tool for forum shopping. The jury trial right may be waived if a party does not attempt to enforce their jury trial right through an appropriate motion until after the parties and court have expended significant time and resources resolving pre-trial matters. *Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp.1997, L.P.),* 351 B.R. 813, 850–51 (2006); *IG Services, Ltd. v. Deloitte & Touche, LLP (In re Blackwell),* 279 B.R. 818, 819–20 (Bankr.W.D.Tex.2002) ("A party's failure to follow through with the relatively simple procedural steps required to assure that party that they will have their day in court before a jury of their peers ought similarly to be treated as a waiver of that right."). When considering waiver, the passage of time is less relevant than the appearance of forum shopping. *In re Doctors Hosp.1997, L.P.* at 851–52 ("The theme appearing in each of the above cited cases is that the moving party was attempting to resurrect a dormant demand for a jury trial for the sole purpose of forum shopping.")

The circumstances of this case do not warrant finding that Medina waived his right to a jury trial. Medina received service and summons of the complaint on November 1, 2007. Less than one month later, on November 28, 2007, Medina filed an Amended Motion to Dismiss. The Mo-

---

1. Local Rule 5011 provides: "A motion to withdraw a case, contested matter, or adversary proceeding to the district court must be filed with the clerk. Unless the district court orders otherwise, the matter will first be presented to the bankruptcy judge for recommendation."

tion asserted a jury demand and requested abstention. On February 28, 2008, the Court considered Medina's Motion and continued consideration of the jury demand until after the Trustee filed a motion to intervene. The Court's February 28, 2008, Comprehensive Scheduling Order gave Medina until July 31, 2008 to request a ruling on the jury issue. Medina complied with the Court's Comprehensive Scheduling Order by filing a Motion for Jury Determination and to Withdraw the Reference on July 17, 2008. Prior to the July 17, 2008 Motion, neither the Levines nor Trustee Cage had filed summary judgment motions. Nor had the Levines and the Trustee filed a final complaint. The Levines and Trustee Cage's Second Amended Complaint was not filed until September 4, 2008.

### Dispositive Motions

 The right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions. A right to a jury trial does not arise until jury issues are presented. *McFarland v. Leyh,* 52 F.3d 1330, 1339 (5th Cir.1995) ("No right to a jury trial arises if no jury issue is presented to the court."); *King v. Fidelity Nat. Bank of Baton Rouge,* 712 F.2d 188, 192–93 (5th Cir.1983); *Hayes v. Royala, Inc.,* 180 B.R. 476, 477 (E.D.Tex. 1995); *In re Today's Destiny, Inc.,* 388 B.R. 737, 765 n. 23 (Bankr.S.D.Tex.2008); *Ries v. Paige (In re Paige),* 2007 WL 4530807 at *6 (Bankr.N.D.Tex. Dec. 19, 2007) ("Where the final disposition of a cause of action does not rest on the determination of disputed facts—that is, where it is amenable to summary adjudication under Rule 12(b)(6) or Rule 56—the Seventh Amendment right to a jury trial does not even come into play.") (quoting *In re Mathews,* 203 B.R. 152, 159 n. 8 (Bankr. D.Minn.1996)).

The Court recommends maintaining the reference with respect to pending and future pre trial dispositive motions so that this Court may narrow the issues to be resolved at trial. The Court is familiar with the facts of this case and has already ruled on a Motion to Dismiss. Trustee Cage has a pending Summary Judgment Motion. Additional dispositive motions are expected.

### Conclusion

For the reasons set forth above, Court recommends a partial withdrawal of the reference. The Court recommends that the District Court withdraw the reference with respect to all matters after this Court has resolved all dispositive motions.

Signed at Houston, Texas, on September 22, 2008.